IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division


FILED
JUL 13 2015
CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

TRUSTON TECHNOLOGIES, INC.,

 Plaintiff,

v.                Civil Action No.: 4:15cv72

HEALY TIBBITTS BUILDERS, INC.,

 Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Truston Technologies, Inc., by counsel, states the following for its Complaint against Defendant, Healy Tibbitts Builders, Inc., seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure:

### PARTIES

1. Plaintiff, Truston Technologies, Inc. (hereinafter "Truston"), is a multi-disciplined applied engineering, advanced material fabrication, and marine service company. Truston is a corporation organized under the laws of the Commonwealth of Virginia with its principal office located at 520 Ridgely Avenue, Annapolis, Maryland 21401.

2. On information and belief, Defendant, Healy Tibbitts Builders, Inc. (hereinafter "Healy Tibbitts"), is a marine contractor organized under the laws of the State of New Jersey with its principal office located at 4 Commerce Drive, Cranford, New Jersey 07016.

### JURISDICTION AND VENUE

3. This matter is a declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based on a Master Service Contract between Truston and Healy

Tibbitts under which there is an actual controversy as to the duties and obligations under the Master Service Contract requiring a declaration of rights by this Court. A copy of the Master Service Contract is attached hereto as **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction under diversity of citizenship. There is complete diversity of citizenship between Truston and Healy Tibbitts and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Healy Tibbitts and venue is proper as Healy Tibbitts has agreed to the jurisdiction and venue in the Eastern District of Virginia, Newport News Division, pursuant to the terms of the Master Service Contract, Paragraph XV(B), Exhibit A, which states:

> "The parties consent to venue and jurisdiction in the Circuit Court of the County of York, Virginia, and in the United States District Court for the Eastern District of Virginia, and to service of process under Virginia law, in any action commenced to enforce or interpret this Agreement."

## STATEMENT OF THE CASE

6. On or about March 25, 2014, Truston and Healy Tibbitts entered into the Master Service Contract, in relation to work to be performed at Pearl Harbor, Hawaii, by Truston.

7. The Master Service Contract is a subcontract to an engineering services contract entered into by Truston and the United States Navy.

8. Due to the varying rules and regulations applying to each type of contract, the U.S. Navy explicitly classifies each of its contracts based on the specific work to be provided pursuant to such contract.

9. The contract between Truston and the U.S. Navy is classified under the North American Industry Classification System as Code 541330: Engineering Services. Pursuant to this

574274

2

contract, Truston was exclusively responsible for providing ocean facilities engineering services to the U.S. Navy.

10. The scope of the work under the Master Service Contract, for which Healy Tibbitts was responsible, included tasks such as operating cranes and directing riggers, rigging and moving buoys.

11. Section XV(A) of the Master Service Contract states that the Contract shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia.

12. Section IV of the Master Service Contract plainly defines the mutual indemnity and defense agreement entered into by Truston and Healy Tibbitts. The relevant clause of the indemnification and defense section states in full:

> "[Healy Tibbitts] shall release, indemnify, defend and hold [Truston] Group harmless from and against any and all Claims brought by [Healy Tibbitts] Group (or any of their heirs, spouses, dependents, estates, or other relatives) with respect to (a) personal or bodily injury to, sickness, disease or death of any member of [Healy Tibbitts] Group, or for (b) any damage to or loss of or destruction of real or personal property owned, leased, rented or hired by any member of [Healy Tibbitts] Group. The indemnity obligations set forth in this provision shall include any Claims arising out of ingress, egress, loading, or unloading of personnel or cargo or arising out of any presence on any premises or vessel or other mode of transportation, and shall also include any medical, compensation or other benefits paid by [Truston] or any member of [Truston] Group in connection with employees of [Healy Tibbitts] (or [Healy Tibbitts] Group)."

13. On December 10, 2014, an accident took place at the work site at Pearl Harbor involving Healy Tibbitts' employees. The base plate of a U.S. Navy buoy detached causing the buoy to fall onto an occupied platform. The incident resulted in multiple serious injuries and two fatalities.

14. Pursuant to the Master Service Contract, Healy Tibbitts Group includes, but is not limited to, all of Healy Tibbitts' employees, agents, consultants and invitees. As employees of Healy

Tibbitts, all persons injured in the incident on December 10, 2014 are members of Healy Tibbitts Group.

15. By correspondence dated May 6, 2015, and pursuant to Section IV of the Master Service Contract, Truston, by counsel, expressly requested that Healy Tibbitts honor Section IV of the Contract in relation to all claims arising out of the incident on December 10, 2014.

16. By correspondence dated June 26, 2015, Healy Tibbitts, by counsel, refused to honor Section IV of the Master Service Contract.

17. Although the injured have yet to file a lawsuit, Truston has received a demand from the deceased employees' attorney requesting $23,000,000.00 in damages from Truston.

## COUNT 1
### Declaratory Judgment that Section IV of Master Service Contract is Enforceable and Healy Tibbitts is Required to Indemnify and Defend Truston

18. The allegations made in paragraphs 1 through 17 are incorporated herein by reference.

19. As a result of Healy Tibbitts' refusal to comply with the explicit terms of Section IV of the Master Service Contract following Truston's request for indemnification, and the present demand on Truston from Healy Tibbitts' employees, by counsel, an actual and justiciable controversy exists so as to warrant action by this Court in the form of a declaratory judgment pursuant to 28 U.S.C. § 2201.

20. As a result of Healy Tibbitts' refusal to comply with the explicit terms of Section IV of the Master Service Contract concerning Truston's request for defense, and the present demand on Truston from Healy Tibbitts' employees, by counsel, an actual and justiciable controversy exists so as to warrant action by this Court in the form of a declaratory judgment pursuant to 28 U.S.C. § 2201.

21. Truston has suffered and will continue to suffer due to Healy Tibbitts' refusal to indemnify and defend Truston pursuant to the obligations agreed upon in the Master Service Contract.

WHEREFORE, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Truston respectfully requests that this Court adjudge and declare the following:

1. That Healy Tibbitts, pursuant to the express terms of the Master Service Contract, is obligated to indemnify and hold Truston harmless for any claims brought by any of Healy Tibbitts' employees or their heirs, spouses, dependents, estates, or other relatives with respect to the incident that took place at Pearl Harbor, Hawaii, on December 10, 2014.

2. That Healy Tibbitts, pursuant to the express terms of the Master Service Contract, is obligated to defend Truston in regard to any claims brought by any of Healy Tibbitts' employees or their heirs, spouses, dependents, estates, or other relatives with respect to the incident that took place at Pearl Harbor, Hawaii, on December 10, 2014.

3. That the indemnification provision found in Section IV of the Master Service Contract is enforceable.

4. That the duty to defend found in Section IV of the Master Service Contract is enforceable.

5. Awarding such other relief as the Court deems appropriate in this case.

Respectfully submitted this 13th day of July, 2015.

TRUSTON TECHNOLOGIES, INC.

_____
By Counsel

574274

Matthew D. Meadows, Esquire (VSB No. 47172)
Robyn H. Hansen, Esquire (VSB No. 23134)
Elizabeth C. Smith, Esquire (VSB No. 88008)
**JONES, BLECHMAN, WOLTZ & KELLY, P.C.**
*Counsel for Truston Technologies, Inc.*
701 Town Center Drive, Suite 800
P. O. Box 12888
Newport News, VA 23612-2888
Telephone: (757) 873-8125 / 8134
Telecopier: (757) 873-8103
mmeadows@jbwk.com
esmith@jbwk.com


Elena Arcos Pecoraro, Esquire (*Pro Hac Vice* Admission Pending)
**PECORARO LAW**
*Counsel for Truston Technologies, Inc.*
600 Jefferson Street, Suite 810
Lafayette, LA 70501
Telephone: (337) 446-2453
Telecopier: (337) 266-2231
elena@pecorarolaw.com